J-S49004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANKLIN WILLIAMS | |
| Appellant | No. 3588 EDA 2015 |

Appeal from the PCRA Order October 30, 2015,
in the Court of Common Pleas of Chester County,
Criminal Division, at No(s): CP-15-CR-0001747-2001.

BEFORE:  PANELLA, J., and OLSON, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, J.                    **FILED JULY 25, 2016**

Franklin Williams ("Appellant") appeals from the order denying as untimely his latest petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

After a jury found Appellant guilty of robbery and related crimes, the trial court sentenced Appellant, on December 18, 2003, to an aggregate term of nineteen to thirty-eight years of imprisonment. The parties do not dispute that, included within this aggregate, Appellant received mandatory minimums for visibly possessing a weapon. *See* 42 Pa.C.S.A. § 9712. Following a timely appeal, this Court affirmed Appellant's judgment of sentence in an unpublished memorandum filed on December 21, 2004. *See Commonwealth v. Williams*, 869 A.2d 16 (Pa. Super. 2004) (Table).

---

*Former Justice specially assigned to the Superior Court.

Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

After unsuccessfully seeking post-conviction relief in two PCRA petitions, as well as a petition for habeas corpus relief in federal court, Appellant filed a third PCRA on May 23, 2012. After issuing proper notice, the PCRA court dismissed Appellant's third petition as untimely on September 27, 2012. Appellant filed a timely *pro se* appeal. In an unpublished memorandum filed on July 3, 2013, this Court affirmed the denial of post-conviction relief. *See Commonwealth v. Williams*, 82 A.3d 1054 (Pa. Super. 2013) (Table).

Appellant filed the counselled PCRA at issue—his fourth—on August 3, 2015. On October 9, 2015, the PCRA court issued notice of its intent to dismiss the petition without a hearing because it was untimely. Appellant's counsel filed a response. By ordered entered October 30, 2015, the PCRA court dismissed Appellant's fourth PCRA petition. This timely appeal follows.

Before addressing Appellant's substantive issues we must first determine whether the PCRA court correctly concluded that Appellant's latest PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. *See Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an

exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), is met. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***Hernandez***, 79 A.3d 651-52 (citing 42 Pa.C.S.A. § 9545(b)(2)). Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); Pa.R.A.P. 302(a).

Appellant's judgment of sentence became final on January 20, 2005, when the thirty-day time period for filing a petition for allowance of appeal with our Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had until January 20, 2006, to file a timely PCRA petition. As Appellant filed the instant petition over nine years later, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***.

Appellant asserts that his latest PCRA petition is timely because he filed it within sixty days of our Supreme Court's decision in ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015). According to Appellant, ***Hopkins*** "declares a newly stated constitutional right, affirming the federal rules that state that any enhancement of a criminal charges must be found beyond a reasonable doubt, by a jury and any sentencing enhancement which is applied only by the [j]udge at sentencing is unconstitutional." Appellant's Brief at 12.

*Hopkins* is inapposite. There our Supreme Court held that, under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the mandatory minimum sentencing scheme set forth in 18 Pa.C.S.A. § 6317 (involving Drug Free school zones) is unconstitutional in its entirety. *See* 117 A.2d at 262. *Hopkins* was decided on direct appeal; it did not address whether *Alleyne* applied retroactively to cases on collateral review. As such, Appellant cannot rely upon *Hopkins* to satisfy the newly created constitutional right exception to the PCRA's time bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).[1] Moreover, Appellant cannot rely on *Hopkins*, to satisfy the newly discovered fact exception to the PCRA's time bar, because "[o]ur courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts[.]" *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (citations omitted).

Although Appellant refers to the *Hopkins* decision, his true claim is that *Alleyne* decision should apply retroactively to the sentence imposed upon him in 2003. In *Alleyne*, the high court held that any fact that

_____

[1] Appellant's reliance upon the United States Supreme Court's decision in *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), is also misplaced. *Montgomery* held that its prior decision in *Miller v. Alabama*, 132 S.Ct. 2455, which held it unconstitutional for states to sentence a juvenile homicide defendant to life in prison without the possibility of parole, constituted a new substantive rule that must be applied retroactively to cases on collateral review. *Miller* has no application to the crimes committed by Appellant or the sentence he received for them.

increased the mandatory minimum sentence for a crime is an element thereof, which must be submitted to a jury and found beyond a reasonable doubt. **See** 133 S.Ct. at 2155.

Appellant's claim fails for two reasons. First, **Alleyne** was decided in June 2013 and Appellant did not file the instant petition until almost two years later. Thus, his claim would fail because he did not file his petition within sixty days of the of the **Alleyne** decision. **See** 42 Pa.C.S.A. § 9545(b)(2). And, second, this Court has *repeatedly* held that **Alleyne** has not been held to apply retroactively to cases such as Appellant's where the judgment of sentence became final prior to the **Alleyne** decision. **See**, **e.g.**, **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).

Thus, for all of the above reasons, we affirm the PCRA court's order dismissing Appellant's serial PCRA petition.

Order affirmed.

President Judge Emeritus Stevens joins the memorandum and Judge Olson concurs in the result.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2016